# No. 24-60189

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

---

United States of America,

Plaintiff - Appellee

v.

Robert Corkern,

Defendant - Appellant

---

## On Appeal from
United States District Court for the Northern District of Mississippi

2:11-CR-38-3

---

# BRIEF OF APPELLANT ROBERT CORKERN

SUBMITTED BY:

Alfred Eugene Harlow
Harlow Law Firm
850 Lakeview Drive
Grenada, MS 38901

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of 5th CIR Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this court may evaluate possible disqualification or recusal.

| Appellees: | Counsel for Appellees: |
|---|---|
| United States of America | Paul Roberts of U.S. Attorney's Office Oxford, MS |
| United States of America | Robert Norman of U.S. Attorney's Office Oxford, MS |
| United States of America | Clayton Dabbs of U.S. Attorney's Office Oxford, MS |

| Appellants: | Counsel for Appellants: |
|---|---|
| Robert Corkern | Alfred Harlow of Harlow Law Firm Grenada, MS |

| Other Interested Parties: | Counsel for Interested Parties: |
|---|---|
| Senior District Judge Neal B. Biggers, Jr. | |

S/Alfred Eugene Harlow
Attorney of record for Robert Corkern

# STATEMENT REGARDING ORAL ARGUMENT

Counsel for the defendant-appellant requests oral argument.

# TABLE OF CONTENTS

Contents                                                                 Page(s)

CERTIFICATE OF INTERESTED PERSONS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

JURISDICTIONAL STATEMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF THE ISSUES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4-5

SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8-12

CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

# TABLE OF AUTHORITIES

CASES:

*United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977)..........................................8
*United States v. Wilson*, 32 U.S. (7 Pet.) 150 (1833).................................................8
*Bjerkan v. United States*, 529 F.2d 125 (7th Cir. 1975).............................................9
*Menard v. Saxbe*, 498 F.2d 1017 (D.C. Cir. 1974)......................................................9
*United States v. Friesen*, 853 F.2d 816 (10th Cir. 1988).....................................9, 10
*United States v. McMains*, 540 F.2d 387 (8th Cir. 1976)...........................................9
*Reyes v. Supervisor of Drug Enforcement Admin.*, 834 F.2d 1093 (1st Cir. 1987)..10
*Allen v. Webster*, 742 F.2d 153 (4th Cir. 1984).........................................................10
*United States v. Schnitzer*, 567 F.2d 536 (2nd Cir. 1977).........................................10
*United States v. Noonan*, 906 F.2d 952 (3d Cir. 1990)............................................10
*Melawer v. United States*, 341 Fed. Appx. 83,
2009 WL 2474066*1 (5th Cir. 2009)...........................................................................11

STATUTES:

28 U.S.C. §3231............................................................................................................2
28 U.S.C. §1291............................................................................................................2
18 U.S.C. §1014............................................................................................................4
18 U.S.C. §666..............................................................................................................4
18 U.S.C. §3607............................................................................................................9

RULES:

Federal Rules of Appellate Procedure 4......................................................................2

1

## JURISDICTIONAL STATEMENT

Jurisdiction was proper in the trial court based on 18 U.S.C. § 3231. Jurisdiction on appeal is proper based on 28 U.S.C. § 1291. The appeal was timely filed under Rule 4(b) F.R.A.P.

# STATEMENT OF THE ISSUES

ISSUE ONE: Whether the Court erred in denying Defendant's Motion to Expunge Records?

# STATEMENT OF THE CASE

Defendant Robert Corkern was indicted in September 2011 for one count of conspiracy to make a false statement to the USDA in violation of 18 U.S.C. §1014, three counts of aiding and abetting the making of a false statement to the USDA in violation of 18 U.S.C. §1014, and one count of federal program bribery in violation of 18 U.S.C. §666. ROA. 24-60189.16-44.

On January 9, 2012, the Defendant, entered a plea of guilty to one count of bribery of a federal program in violation of 18 U.S.C. § 666. ROA. 24-60189.173. On November 13, 2012, the Defendant was sentenced to a term of supervised released of three years, including twenty-four months of home detention. ROA. 24-60189.433-439.

In January of 2021, former president, Donald J. Trump, pardoned the Defendant of his conviction in this case. ROA. 24-60189.725.

On February 12, 2021, the Defendant, filed his Motion to Expunge Records with this Honorable Court. ROA. 24-60189.703-711.

On February 22, 2021, the Government filed its Response in Opposition to Defendant's Motion to Expunge Records stating that "Corkern had not provided the Court with a basis for such an extraordinary remedy and his Motion to Expunge Records should be denied." ROA. 24-60189.712-717. Defendant filed his reply to the Government's Response on March 1, 2021 asserting that he was

entitled to an expungement, and requesting that his Motion be granted.  ROA. 24-60189.718-721.

On April 4, 2024 the Court filed its Memorandum Opinion, and an Order denying Defendant's Motion to Expunge Records.  ROA. 24-60189.739-743.

Corkern timely filed his Notice of Appeal on April 17, 2024.  ROA. 24-60189-744-745.

Corkern is a licensed physician working in the Mississippi delta, centered in Greenville, Mississippi.  ROA. 24-60189.782-783.  The majority of Corkern's patients are poor patients on Medicaid, and he has been excluded as a provider under Molina, which is Mississippi's largest Medicaid managed care product.  He was denied based on his conviction.  ROA. 24-60189.783.  Corkern has been excluded based on the fact that he has to answer yes to the question concerning his conviction of a crime.  ROA. 24-60189. 783.

# SUMMARY OF THE ARGUMENT

Corkern has been pardoned; however, the only way he can be restored to his basic legal rights is by expungement through this Court. Corkern serves as a physician to individuals of the Mississippi Delta Region. The Mississippi Delta is an underserved region and not expunging the record of Corkern would be denying those individuals rights to his medical care. Additionally, many individuals in the Mississippi Delta Region have Medicaid and only an expungement would allow Corkern to be able to receive approval from Medicaid to serve covered patients. Corkern has attempted to regain his Medicare enrollment for years. The Court in this matter should balance the public health interests of those individuals in the Mississippi Delta Region and the individual interests of Corkern against the interest of the government in maintaining the records of the conviction.

Corkern's approval has not simply been delayed, but has been denied each and every time he has attempted to apply for years, simply because he has been convicted of a crime. Corkern is still being punished as a result of his conviction, despite the presidential pardon. He has been repeatedly denied simply because he must report his criminal conviction, not because of the conduct itself. In order for

Corkern to be able to serve individuals of the Mississippi Delta Region he must be accepted as a provider by Medicaid.

    The decision of the lower court to deny Corkern's Motion to Expunge Records should be reversed and this court should grant the Motion to Expunge. The evidence in this case clearly indicates that the harm to Corkern, and public at large in the Mississippi Delta, caused by the continued existence of the records outweighs the governmental interest in maintenance of those records.

# ARGUMENT

ISSUE ONE RESTATED: Whether the Court erred in denying Defendant's Motion to Expunge Records?

A. Standard of Review

An order on a motion to expunge a conviction is within the equitable jurisdiction of a federal district court. This Court reviews such an order for abuse of discretion. *United States v. Doe*, 556 F.2d 391, 393 (6th Cir. 1977).

B. The Court erred in denying Defendant's Motion to Expunge Records

A presidential pardon is an act of grace that "exempts the individual, on whom it is bestowed, from the punishment the law inflicts for a crime he has committed. *United States v. Wilson*, 32 U.S. (7 Pet.) 150, 160 (1833). The legal effect of a presidential pardon is to preclude further punishment.

"The true line of distinction seems to be this: The pardon removes all legal punishment for the offense. Therefore if the mere conviction involves certain disqualifications which would not follow from the commission of the crime without conviction, the pardon removes such disqualifications. On the other hand,

if character is a necessary qualification and the commission of a crime would disqualify even though there had been no criminal prosecution for the crime, the fact that the criminal has been convicted and pardoned does not make him any more eligible." *Bjerkan v. United States*, 529 F.2d 125, 128 n. 2 (7th Cir. 1975).

Congress has granted courts statutory authority to expunge certain criminal convictions, such as 18 U.S.C. §3607(c). Further, the Courts determined they had authority to expunge judicial records of a criminal prosecution, only in unusual circumstances, upon a balancing of the public and individual interests. *Menard v. Saxbe*, 498 F.2d 1017, 1023, (D.C. Cir. 1974). In *Menard* the Court states "the judicial remedy of expungement is inherent and is not dependent on express statutory provision, and it exists to vindicate substantial rights provided by statute as well as by organic law."

"The collective experience of our judiciary reflected by reported cases, however, discloses that expunction of criminal court records is an extraordinary remedy. Clearly, a federal court has the inherent power to expunge an arrest and conviction record. See *United States v. Friesen*, 853 F.2d 816, 818 (10th Cir. 1988) (expunction is within power of the court upon proper showing); *United States v. McMains*, 540 F.2d 387, 389-390 (8th Cir. 1976) (in an appeal from district court order directing expunction of all records of a federal conviction for misprision of a felony, court held itself to have inherent power); *Menard v. Saxbe*,

9

498 F.2d 1017, 1023 (D.C.Cir. 1974) (judicial remedy of expunction is not dependent on express statutory provision and exists inherently to vindicate substantial rights).

However, it is equally well established that granting such relief is confined to extreme circumstances. *Friesen*, 853 F.2d at 817 (expunction proper upon factual showing of harm or extreme circumstances); *Reyes v. Supervisor of Drug Enforcement Admin.*, 834 F.2d 1093, 1098 (1st Cir. 1987) (power to expunge is a narrow one); *Allen v. Webster*, 742 F.2d 153, 155 (4th Cir. 1984) (acquittee seeking expunction was not entitled to it absent "exceptional circumstances"); *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977), cert. denied, 435 U.S. 907, 98 S.Ct. 1456, 55 L.Ed.2d 499 (1978) (even following dismissal of indictment, expunction not warranted) ." *United States v. Noonan*, 906 F.2d 952 (3d Cir. 1990).

Expungement of judicial records is an extraordinary remedy, which the courts are willing to grant only where "the hard to the individual caused by the continued existence of the records outweighs the governmental interest in maintenance of the records. *Id.* At 957.

Corkern has been pardoned; however, the only way he can be restored to his basic legal rights is by expungement through this Court. Corkern serves as a physician to individuals of the Mississippi Delta Region. The Mississippi Delta is

an underserved region and not expunging the record of Corkern would be denying those individuals rights to his medical care. Many individuals in the Mississippi Delta Region have Medicaid and only an expungement would allow Corkern to be able to receive approval from Medicaid to see covered patients. Corkern has attempted to regain his Medicaid enrollment for years. The Court in this matter should balance the public health interests of those individuals in the Mississippi Delta Region and the individual interests of Corkern against the interest of the government in maintaining the records of the conviction.

*Melawer v. United States*, 341 Fed. Appx. 83, 84, 2009 WL 2474066 *1 (5th Cir. 2009), found that "added delays in renewing a Defendant's various licenses was not sufficient to justify expungement of criminal records." However, Corkern's license is not simply delayed, but his licenses have been denied each and every time he has attempted to apply for years, simply because he has been convicted of a crime. Corkern is still being punished as a result of his conviction, despite the presidential pardon, which the purpose of was to remove all punishments related to the conviction. Corkern has been repeatedly denied simply because he must report that he has a criminal conviction, not because of the conduct itself. In order for Corkern to be able to serve individuals of the Mississippi Delta Region he must be accepted as a provider by Medicaid.

Additionally, an expungement is the only legal remedy that would allow Corkern to truthfully answer "no" when asked about felony criminal convictions on his Medicaid applications. Therefore, the Court in this cause should balance such interests of the public health and the individual interests of Corkern with the interest of the government in maintaining the conviction records, and grant the Appellant's Motion for Expungement.

Corkern is continuing to suffer from the penalty of his conviction, even though he has received a pardon. If it had been the president's intention that he only be relieved of the sentence he could have simply commuted the sentence imposed, but he chose to pardon him, to wipe away his conviction.

## CONCLUSION

The decision of the lower court to deny Corkern's Motion to Expunge Records should be reversed and this court should grant the Motion to Expunge. The evidence in this case clearly indicates that the harm to Corkern, and public at large in the Mississippi Delta, caused by the continued existence of the records outweighs the governmental interest in maintenance of those records.

SUBMITTED BY:
S/Alfred Eugene Harlow
Harlow Law Firm
850 Lakeview Drive
Grenada, MS 38901

## CERTIFICATE OF SERVICE

I certify that on 16th day of July, 2024, the foregoing document was forwarded via U.S. Mail on today's date to the following parties/counsel:

Honorable Robert Henry Norman
Honorable Clayton Adair
Honorable Paul David Robert

<u>S/Alfred Eugene Harlow</u>

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of FED. R. APP. P. 32(a)(7)(B) because, excluding the parts of the document exempted by FED. R. APP. P. 32(f) and 5th CIR. R. 32.1: this document contains 2,362 words.

2. This document complies with the typeface requirements of FED. R. APP. P. 32(a)(5), and 5th CIR. R. 32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Word Perfect 2024 in Times New Roman 14 point font in the text and Times New Roman 12 point font in footnotes.

3. An electronic copy of this brief has been filed with the Court through ECF.

S/Alfred Eugene Harlow