UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

24-60189

---

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*

v.

ROBERT CORKERN,
*Defendant-Appellant*

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

NDMS CRIMINAL NO. 2:11-CR-00038-GHD-DAS

BRIEF OF APPELLEE

---

        CLAY JOYNER
        United States Attorney

        CLAYTON A. DABBS
        Assistant United States Attorney
        Northern District of Mississippi
        Ethridge Professional Building
        900 Jefferson Avenue
        Oxford, Mississippi 38655-3608
        (662) 234-3351

# CERTIFICATE OF INTERESTED PERSONS

The undersigned counsel of record certifies that the Government is unaware of any persons who might have an interest in the outcome of this case other than:

1. Honorable Glen H. Davidson, United States Senior District Judge, Northern District of Mississippi;

2. Clay Joyner, United States Attorney for the Northern District of Mississippi;

3. Clayton A. Dabbs, Assistant United States Attorney, Attorney for Plaintiff-Appellee;

4. Robert Corkern, Defendant-Appellant;

5. A.E. (Rusty) Harlow, Attorney for Defendant-Appellant, Grenada, Mississippi.

These representations are made so that the judges of this Court may evaluate possible disqualification or recusal.

/s/ *Clayton A. Dabbs*
Clayton A. Dabbs
Assistant United States Attorney
Attorney for Plaintiff-Appellee

## STATEMENT REGARDING ORAL ARGUMENT

The Government submits that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

# TABLE OF CONTENTS

**CERTIFICATE OF INTERESTED PERSONS** ................................... ii

**STATEMENT REGARDING ORAL ARGUMENT** ........................ iii

**TABLE OF AUTHORITIES** ....................................................... v

**JURISDICTIONAL STATEMENT** ............................................. vii

**STATEMENT OF THE ISSUE** ..................................................... 1

**STATEMENT OF THE CASE** ...................................................... 2

**SUMMARY OF THE ARGUMENT** ............................................. 4

**ARGUMENT** ............................................................................ 5

**CONCLUSION** ...................................................................... 11

# TABLE OF AUTHORITIES

**CASES**

Doe v. United States, 833 F.3d 192 (2d Cir. 2016) ..........................................5

McNally v. United States, 483 U.S. 350 (1987)...............................................6

Melawer v. United States, 341 F. App'x 83 (5th Cir. 2009)..................... 7, 8, 9

Sealed Appellant v. Sealed Appellee, 130 F.3d 695 (5th Cir. 1997) ........passim

United States v. Coloian, 480 F.3d 47 (1st Cir. 2007).....................................5

United States v. Dunegan, 251 F.3d 477 (3d Cir. 2001)..................................5

United States v. Field, 756 F.3d 911 (6th Cir. 2014).......................................5

United States v. Jones, No. CR 00-114-JWD-SDJ, 2022 WL 1078025 (M.D. La. Apr. 11, 2022).........................................................................................5

United States v. Kokkonen, 511 U.S. 375 (1994) ........................................5, 6

United States v. McLeod, 385 F.2d 734 (5th Cir. 1967).................................8

United States v. Meyer, 439 F.3d 855 (8th Cir. 2006)....................................5

United States v. Nixon, 506 U.S. 224 (1993) .................................................9

United States v. Noonan, 906 F.2d 952 (3d Cir. 1990) ..................................9

United States v. Scott, 793 F.2d 117 (5th Cir. 1986).......................................9

United States v. Sumner, 226 F.3d 1005 (9th Cir. 2000)................................5

United States v. Wahi, 850 F.3d 296 (7th Cir. 2017) .....................................5

**STATUTES**

18 U.S.C. § 666 ............................................................................................... 2

18 U.S.C. § 1014 ............................................................................................. 2

18 U.S.C. § 3607(c) ........................................................................................ 7

21 U.S.C. § 844 ............................................................................................... 7

28 U.S.C. § 1291 ........................................................................................... vii

28 U.S.C. § 2255 ............................................................................................. 2

## **JURISDICTIONAL STATEMENT**

The Fifth Circuit Court of Appeals has jurisdiction over final orders of District Courts in the United States Northern Judicial District of Mississippi, pursuant to 28 U.S.C. § 1291.

# STATEMENT OF THE ISSUE

**I.　　THE DISTRICT COURT CORRECTLY DENIED THE MOTION TO EXPUNGE**

## STATEMENT OF THE CASE

In September 2011, a Federal Grand Jury returned a Superseding Indictment charging Robert Corkern, the Appellant, with one count of conspiracy to make a false statement to the USDA in violation of 18 U.S.C. § 1014; three counts of aiding and abetting the making of a false statement to the USDA in violation of 18 U.S.C. § 1014; and one count of federal program bribery in violation of 18 U.S.C. § 666. ROA.27-40.

On January 9, 2012, Corkern entered a plea of guilty to Count Thirteen of the Superseding Indictment, the one count of federal program bribery. ROA.797-99. On November 13, 2012, the District Court sentenced Corkern to a term of three years of supervised release, including twenty-four months of home detention. ROA.434-439.

Following his sentencing, Corkern was confronted with difficulty in maintaining his professional licenses and accreditations related to his practice as a medical doctor. ROA.495, 549. On November 13, 2013, Corkern filed a Motion to Vacate or Set Aside Judgment pursuant to 28 U.S.C. § 2255. ROA.489. On March 31, 2017, the District Court denied Corkern's Motion. ROA.692-701. Corkern did not appeal the District Court's Order.

In January 2021, former President Donald J. Trump pardoned Corkern of his conviction in this case. ROA.725.

On February 12, 2021, Corkern filed his Motion to Expunge Records that is the subject of the present appeal. ROA.703. Corkern urged the District Court to "issue an Order expunging, destroying, and/or sealing any and all records indicating, reflecting, concerning or relating to his arrest and indictment in this matter." ROA.704. The Government filed its Response in Opposition to the Defendant's Motion to Expunge Records on February 22, 2021. ROA.712. Corkern filed his reply to the Government's Response on March 1, 2021. ROA.718.

On April 4, 2024, the District Court denied Corkern's Motion to Expunge Records, explaining that it "did not have the power to order the expungement of Corkern's official records." ROA.738-39, 743. The Court ruled that there was no applicable statute allocating jurisdiction for Corkern's offense, that Corkern failed to allege an affirmative rights violation, and that there was no basis or precedent to justify the expungement of records of a valid conviction. ROA.740-43.

On April 17, 2024, Corkern filed a Notice of Appeal. ROA.744-45. The present appeal followed. The Order of the District Court should be affirmed.

## SUMMARY OF THE ARGUMENT

The circumstances that warrant an expungement of records in a closed criminal case are exceedingly rare. It is a high burden that must be established by the defendant. Corkern must establish either (1) specific statutory authority that provides for expungement, or (2) an affirmative violation of his constitutional rights. There is no statutory authority providing for expungement in the case of a presidential pardon and Corkern cannot establish an affirmative violation of his rights.

Despite the pardon, Corkern's conviction was valid and his civil rights were not violated in his prosecution and conviction or in the holding of his records. The after-effects of his pardoned conviction, such as limitations on his ability to practice medicine and bill Medicaid, are not an affirmative violation of his rights that would warrant an expungement.

The District Court correctly denied the Motion to Expunge and should be affirmed.

# ARGUMENT

## I.     The District Court Correctly Denied Corkern's Motion to Expunge Records of His Conviction

This Court reviews jurisdictional issues *de novo* and the decision as to whether to grant an expungement for abuse of discretion. *Sealed Appellant v. Sealed Appellee*, 130 F.3d 695, 697 (5th Cir. 1997).

The limited power to expunge records can only originate from one of two sources: (1) specific statutory authority; or (2) an explicit constitutional right. *Sealed Appellant*, 130 F.3d at 700.[1]  "The court's 'general power' to order expungement against executive agencies cannot be exercised at will. Instead, it must be tied to an explicit constitutional or statutorily-created right." *Id*.  There is no constitutional basis for a "right to expunge" and a pardon does not necessarily entitle a defendant to an expungement. *Id.* at 699, 701.  It is a high burden that rests squarely on the defendant and there is a strong presumption

---

[1] There is a line of cases outside this Circuit that evaluates expungement requests according to ancillary jurisdiction pursuant to the United States Supreme Court *Kokkonen* decision.  *See e.g. United States v. Wahi*, 850 F.3d 296, 302 (7th Cir. 2017) (citing *United States v. Kokkonen*, 511 U.S. at 378-381).  The analysis under *Kokkonen* does not appear to be the rule in this Circuit. *See, e.g. United States v. Jones*, No. CR 00-114-JWD-SDJ, 2022 WL 1078025 (M.D. La. Apr. 11, 2022) (discussing the difference in approaches in other Circuits).  Even under the *Kokkonen* approach, expungement is exceedingly rare.  In fact, every appellate court to address the issue since *Kokkonen* has found no jurisdiction to order the expungement of judicial records in a closed case. *See, e.g., United States v. Coloian*, 480 F.3d 47, 52 (1st Cir. 2007); *Doe v. United States*, 833 F.3d 192, 199 (2d Cir. 2016); *United States v. Dunegan*, 251 F.3d 477, 479 (3d Cir. 2001); *United States v. Field*, 756 F.3d 911, 916 (6th Cir. 2014); *Wahi*, 850 F.3d at 303; *United States v. Meyer*, 439 F.3d 855, 859–60 (8th Cir. 2006); *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000).

against expungement. *Id.* In the present case, there is no specific statutory authority granting jurisdiction for the Court to expunge the records of Corkern's conviction and Corkern cannot establish an affirmative violation of his constitutional rights. The District Court correctly denied his Motion to Expunge and should be affirmed.

### A. Without Specific Statutory Authority the District Court Did Not Have Jurisdiction to Expunge Records of a Valid Conviction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *United States v. Kokkonen*, 511 U.S. 375, 377 (1994). The federal court's power to order the expungement of executive agency records must originate from a specific statutory authority. *Sealed Appellant*, 130 at 700.

In *Sealed Appellant*, a defendant's wire fraud conviction was set aside and overturned following the Supreme Court's decision in *McNally v. United States*, 483 U.S. 350 (1987). *Sealed Appellant*, 130 F.3d at 696. Six years after his conviction, the defendant filed a petition to have his records expunged and the District Court granted the request. *Id*. This Court reversed the District Court's decision. *Id.* at 702 ("The government cannot and should not be forced to

rewrite history whenever the inclination strikes a defendant whose conviction is subsequently overturned").

There are instances where Congress has provided specific statutory authority for expungement. For example, Title 18, United States Code Section 3607(c) allows for expungement of convictions for simple possession of a controlled substance (in violation of 21 U.S.C. § 844) for individuals under the age of 21 at the time of conviction who successfully complete pre-judgment probation. Absent such specific statutory authority, a district court does not have jurisdiction to expunge records of a valid conviction. There is no such authority in the case of a presidential pardon.

Corkern has not provided any statutory authority that would give the District Court jurisdiction over his Motion to Expunge. The District Court correctly found that it did not have jurisdiction and denied the Motion. The Order of the District Court should be affirmed.

### B. Corkern Failed to Establish an Affirmative Violation of Constitutional Rights

Absent specific statutory authority that provides expungement as a remedy, Corkern must establish an affirmative violation of constitutional rights in order to justify expungement. *See Sealed Appellant,* 130 F.3d at 699. The assertion must allege a "specific" rights violation. *Id*. The overwhelming

7

majority of cases have refused to grant the remedy of expungement. *Id.* at 701. These rights violations must call into question the actual conviction or the improper use of his records. Future repercussions of an otherwise valid conviction do not rise to the level of an affirmative violation of rights. *Melawer v. United States*, 341 F. App'x 83, 84 (5th Cir. 2009). In other words, if Corkern was rightfully convicted and there were no affirmative violations of his civil rights in his conviction or in the handling of his records then his request for expungement fails.

> Absent specific statutory authority, the scope of a district court's power to order expungement of executive-branch records is narrow: 'In order to have standing to seek expungement, the party seeking expungement against executive agencies must assert an affirmative rights violation by the executive actors holding the records of the overturned conviction.' *Sealed Appellant*, 130 F.3d at 699.
> *Melawer*, 341 F. App'x at 84.

In *Melawer*, the defendant sought expungement of a prior arrest and conviction based on "personal burdens" associated with "delays in renewing his various licenses." *Id.* at 84. The Court affirmed the district court's denial of the expungement request stating that the defendant "failed to (1) identify an independent statutory basis for his request or (2) to allege an 'affirmative rights violation' by the executive actors holding his records." *Id.*

Only a "handful" of instances in which a court granted the remedy of expungement have been upheld in the face of "exceptional circumstances."

8

*Sealed Appellant*, 130 F.3d at 701. For example, an affirmative rights violation exists when voting rights were intentionally violated due to the targeted arrests of African Americans by state officials. *Id*. at 699 (referencing *United States v. McLeod*, 385 F.2d 734 (5th Cir. 1967)). These violations were direct violations of the defendants' constitutional rights and were not ancillary after-effects of a valid conviction.

The assertion of an affirmative rights violation must pertain to the records of an *overturned* conviction. *Melawer*, 341 Fed. App'x at 84 (citing *Sealed Appellant* 130 F.3d at 699 (emphasis added). This Court has previously held that, because a district court does not have the power to order the expungement of records in an overturned conviction, "it follows as an *a fortiori* matter" that the court does not have the power to expunge the records of a valid conviction. *United States v. Scott*, 793 F.2d 117, 118 (5th Cir. 1986).

Corkern asserts that the presidential pardon calls for his conviction to be "wipe[d] away." Appellant Br. at 8. However, the Supreme Court, in *United States v. Nixon*, 506 U.S. 224, 232 (1993), stated that a presidential pardon "in no sense" overturns a judgment of conviction. Further, the Third Circuit found that the blanket pardon of all those convicted of violating the Military Selective Service Act between 1964 and 1973 did not warrant the expungement of the

9

defendants' records of conviction. *See United States v. Noonan*, 906 F.2d 952, 953 (3d Cir. 1990).

Corkern has repeatedly insisted that, absent expungement through this Court, his "basic legal rights" cannot be restored. ROA.703, 704, 719. While not clearly defining what "basic legal rights" are at issue, Corkern's primary complaint appears to be his inability to fully regain his ability to practice medicine without restriction. The Courts have not interpreted the meaning of "affirmative rights violation" so broadly, as to include a physician's inability to bill Medicaid or practice medicine.

Corkern's inability to practice medicine without restriction is not an "affirmative rights violation." The District Court correctly likened Corkern's asserted rights violation to that of an "added delay in renewing various licenses" considered to be a "personal burden" that fails to establish an affirmative rights violation. The decision of the District Court should be affirmed.

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Order of the District Court be affirmed.

Dated this the 15th day of August 2024.

Respectfully submitted,
CLAY JOYNER
United States Attorney
MS Bar No. 10316

By: */s/ Clayton A. Dabbs*
CLAYTON A. DABBS
Assistant United States Attorney
MS Bar No. 101537
900 Jefferson Avenue
Oxford MS 38655

## CERTIFICATE OF SERVICE

I, CLAYTON A. DABBS, Assistant United States Attorney for the Northern District of Mississippi, hereby certify that I have this day filed this Brief of Appellee with the Court's CM/ECF filing system which caused an email to be sent with an electronic link to a true copy of said brief to:

A.E. "Rusty" Harlow
rusty@harlowlawfirm.com

I, Clayton A. Dabbs, Assistant United States Attorney for the Northern District of Mississippi, hereby further certify that I will deliver two (2) true copies of the foregoing Brief of Appellee to opposing counsel if the Court requires filing of paper copies of said Brief, by mailing them to:

A.E. "Rusty" Harlow
850 Lakeview Drive
Grenada, MS 38901

This the 15th day of August 2024.

/s/ Clayton A. Dabbs
CLAYTON A. DABBS
Assistant United States Attorney

# CERTIFICATE OF COMPLIANCE

Pursuant to 5th Cir. R. 32.2.7(c), the undersigned certifies this brief complies with the type-volume limitations of 5th Cir. R. 32.2.7(b).

EXCLUSIVE OF THE EXEMPTED PORTIONS IN 5th Cir. R. 32.2.7(b)(3), THE BRIEF CONTAINS (select one):

A.   1,960   words, OR
B.   _____   lines of text in monospaced typeface.

THE BRIEF HAS BEEN PREPARED (select one):

A.   in proportionately spaced typeface using:

Software Name and Version:  Microsoft Word 2016

in (Typeface Name and Font Size):  Calisto MT 14cpi

B.   in monospaced (non-proportionally spaced) typeface using:

Typeface name and number of characters per inch:

THE UNDERSIGNED UNDERSTANDS A MATERIAL MISREPRESENTATION IN COMPLETING THIS CERTIFICATE, OR CIRCUMVENTION OF THE TYPE-VOLUME LIMITS IN 5th Cir. R. 32.2.7, MAY RESULT IN THE COURT'S STRIKING THE BRIEF AND IMPOSING SANCTIONS AGAINST THE PERSON SIGNING THE BRIEF.

                                    */s/ Clayton A. Dabbs*
                                    CLAYTON A. DABBS
                                    Assistant United States Attorney